# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>JOSE FELIPE HERNANDEZ-CALVILLO<br><br>       Defendant. | CASE NO.: 16-20097 |

### FIRST AMENDED MOTION TO DISMISS OF DEFENDANTS HERNANDEZ-CALVILLO AND PAPALOTZI

      Defendants Jose Felipe Hernandez-Calvillo and Mauro Papalotzi (hereinafter "Defendants"), by counsel, move this Court for an order dismissing Count One of the Indictment on the grounds that the crime charged is based on violation of a statute that is unconstitutionally overbroad in violation of the First Amendment. Count One charges Mr. Hernandez with engaging in a conspiracy to induce and encourage aliens to reside in the United States for commercial advantage and private financial gain and knowing and in reckless disregard of the fact that such residence is in violation of law, all in violation of 8 U.S.C. §1324(a)(1)(A)(iv) and (v)(I).

### MEMORANDUM IN SUPPORT

    **I.**    **Nature of the Offense and Procedural History**

1. On November 8, 2016, a Grand Jury returned a nine-count Indictment, naming Mr. Hernandez along with six others as defendants. Count one charged that between October 2011 and October 2014, the seven defendants engaged in a conspiracy for the purpose of commercial advantage and private financial gain, to induce and encourage aliens to reside in the United States, knowingly and in reckless disregard of the fact that such residence was illegal in

violation of 8 U.S.C. §1324(a)(1)(A)(iv) and (v)(I). Counts two through nine charged all the defendants with substantive violations of 8 U.S.C. §1324(a)(1)(A)(iv) and (v)(II). (Doc. 1).

2. On April 24, 2017, Defendants filed a Motion To Dismiss For Vagueness and Failure To State A Crime (Doc. 68) reasserting the constitutional challenges that they first brought against 8 U.S.C. §1324(a)(1)(A)(iv) in their previous case, No. 14-CR-20143, where identical charges were filed against them but later dismissed by the government. This previous constitutional challenge was asserted in Case No. 14-CR-20143 by Defendant Marcos Lane Stubbs's Motion to Dismiss Counts 1 through 9 for Vagueness (Doc. 76) and Memorandum of Law in Support (Doc. 77) filed August 17, 2015. In that motion, Defendants challenged the constitutionality of this statute on the grounds that it violated the First Amendment protection against free speech by criminalizing speech that would induce and encourage aliens to reside in the United States and on the grounds that the statute was vague in violation of the Fifth Amendment due process clause. The Court denied Defendants' Motion to Dismiss in the instant case on April 25, 2017. (Doc. 73). In raising the First Amendment argument before the District Court, Defendants preserved it for this Motion. "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." Yee v. City of Escondido, 503 U.S. 519, 534 (1992). Because Defendants have asserted a First Amendment claim throughout the litigation, their overbreadth challenge "is – at most – a new argument to support what has been a consistent claim." Citizens United v. FEC, 558 U.S. 310, 331.

3. On August 9, 2017, the Court granted the Government's motion to dismiss Counts 3, 4, 5, 6, and 9 of the Indictment. (Doc. 112).

4. Jury trial commenced on August 22, 2017 on the remaining Counts 1, 2, 7 and 8.  On August 28, 2017, Mr. Hernandez was acquitted of Counts 2, 7, and 8. (Doc. 160) but found guilty of conspiracy to encourage aliens to reside in the United States for commercial advantage and private financial gain in violation of 8 U.S.C. §1324(a)(1)(A)(iv) and (v)(I) as charged in Count 1. (Doc. 160).  Mr. Hernandez is awaiting sentencing on Count 1.

5. On February 4, 2019, this Court granted the Motion of Defendants' Hernandez-Calvillo and Papalotzi for Leave to File Amended Motion to Dismiss and to Reconsider.  (Doc 238).

## II. The Statute of Conviction - Section 8 U.S.C. §1324(a)(1)(A)(iv) is Overly Broad Violating the Defendants' First Amendment Right to Free Speech

On December 4th, 2018, the United States Court of Appeals for the Ninth Circuit held that the statute of conviction in Mr. Hernandez's case 8 U.S.C. §1324(a)(1)(A)(iv) is unconstitutional. *United States v. Sineneng-Smith*, 910 F.3d 461, 470 (9th Cir. 2018).  The Court determined that the statute violates a defendant's First Amendment right of free speech.  Although the Ninth Circuit opinion is not binding on this Court, the Tenth Circuit has not been presented with a First Amendment challenge to the constitutionality of this statute and this opinion of the Ninth Circuit is particularly well-reasoned and supported by decisions of the United States Supreme Court and other federal appellate courts dealing with similar constitutional challenges to federal criminal statutes.

In *United States v. Sineneng-Smith*, the underlying facts were that the defendant operated an immigration consulting firm helping foreign nationals in obtaining authorization to work in the United States, and adjusting their illegal status to obtain legal permanent residence.  After the Labor Certification process which had allowed Ms. Sineneng to obtain legal residence for her clients expired, she allegedly continued to sign retainer agreements representing falsely to her

clients that they could still obtain legal residence. Several of Ms. Sineneng's clients testified that they would have left the country had they known they were not eligible for legal residence. *Sineneng-Smith, Id.* at 468. Ms. Sineneng was convicted on two counts of violating 8 U.S.C. §1324(a)(1)(A)(iv) and §1324(a)(1)(B)(i) by encouraging or inducing aliens to reside in the United States knowing and in reckless disregard of the fact that such residence was in violation of the law. *Sineneng-Smith, Id.* at 467.

Citing *United States v. Stevens*, 559 U.S. 460, 473, 130S Ct. 1577, 176 L.Ed. 2d 435 (2010), the Ninth Circuit quoted with approval the enunciation of the constitutional principle that: "'In the First Amendment context, a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Sineneng-Smith*, 910 F.3d at 470. The Ninth Circuit then analyzed the overbreadth challenge to the statutory language:

> To determine whether Subsection (iv) is overbroad, we must first construe the statute. Next, we must ask whether Subsection (iv), as construed, restricts speech and, if so, whether that speech is protected. Finally, we must weigh the amount of protected speech that the statute restricts against the statute's legitimate sweep. … [W]e conclude that the chilling effect of Subsection (iv) is both real and substantial. (Citation omitted). The only reasonable construction of Subsection (iv) restricts a substantial amount of protected speech in relation to the narrow band of conduct and unprotected expression that the statute legitimately prohibits. Therefore, we hold that Subsection (iv) is facially invalid.

*Id.* at 471.

The Ninth Circuit pointed out that while the other subsections of §1324(a)(1)(A) criminalize only action, as opposed to speech, - (i) "bringing" an alien to the United States; (ii) "transport[ing] or move[ing]"; (iii) "conceal[ing], harbor[ing], or shield[ing] from detection" – subsection (iv) clearly criminalizes speech, conduct or both by this subsection's use of "encourages or induces" to describe what is prohibited. *Sineneng-Smith, Id*. at 474. The opinion then goes on to acknowledge that the courts have recognized "carve outs" of types of speech not protected by

the First Amendment. These are "obscenity, defamation, fraud, incitement, and speech integral to criminal conduct." Citing *United States v. Stevens*, 559 U.S. 460, 468, 130 S. Ct. 1577, 176 L.Ed. 2d 435 (2010) but the Ninth Circuit rightly held that subsections (iv) reaches a substantial amount of protected speech that would not fit any of these carve out categories. *Sineneng-Smith, Id.* at 479-83.

In its overbreadth analysis, the Court referred to several types of speech that would be criminalized by the reach of §1324(a)(1)(A)(iv)'s use of "encourages" or "induces" to define what is prohibited, including a speech to a crowd or post on social media saying "I encourage all you folks out there without legal status to say in the U.S.! We are in the process of trying to change the immigration laws …" or "a loving grandmother who urges her grandson to overstay his visa by telling him 'I encourage you to stay.'" *Sineneng-Smith Id.* at 483-84. The Court points out that nothing in Subsection (iv) would prevent the grandmother or the public speaker from facing felony charges for those statements.

The Court explains that these examples "are not a parade of fanciful horribles. Instead, they represent real and constitutionally-protected conversations and advice that happen daily". Accordingly, the Court held section 8 U.S.C. §1324(a)(1)(A)(iv) is unconstitutional because it is overbroad under the First Amendment. *Sineneng-Smith, Id.* at 485. The Court reversed Ms. Sineneng-Smith's convictions on the two counts that charged her with violating §1324(a)(1)(A)(iv).

### III.  Conclusion

Mr. Hernandez was convicted of violating section 8 U.S.C. §1324(a)(1)(A)(iv), a statute that has been carefully examined and held unconstitutional. The Ninth Circuit held the statute unconstitutionally overbroad for restricting a substantial amount of protected speech in violation

of a defendant's First Amendment rights.  Defendants Hernandez and Papalotzi ask the Court to grant their Motion to Dismiss Count 1, reverse their convictions on Count 1 and discharge them immediately with prejudice to any further prosecution and for such relief as the Court deems just.

        Respectfully submitted,

By: /s/ Thomas M. Bradshaw
    Thomas M. Bradshaw    KS 16867
    VAN OSDOL, PC
    1000 Walnut Street, Suite 1500
    Kansas City, MO 64106
    Phone: (816) 421-0644
    Fax:   (816) 421-0758
    tbradshaw@VanOsdolKC.com
    ATTORNEY FOR DEFENDANT JOSE FELIPE HERNANDEZ-CALVILLO

By: /s/ Robert N. Calbi
    Robert N. Calbi    KS 70554
    LAW OFFICES OF ROBERT N. CALBI
    1100 Main Street, Suite 1648
    Kansas City, MO 64105
    Phone: (816) 221-2400
    Fax:   (816) 221-1708
    r.calbi@gmail.com
    ATTORNEY FOR DEFENDANT MAURO PAPALOTZI

**Certificate of Service**

On this 15th day of March, 2019, I hereby certify that I served a true and correct copy of the above and foregoing by filing the same electronically with the Court's Electronic Case Management System, which effects service upon parties of record.

/s/ Thomas M. Bradshaw
Attorney for Defendant
Jose Felipe Hernandez-Calvillo

{00355987. 1}    6